## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## DANVILLE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | **Criminal Case No. 4:00cr70104-1** |
| | ) | |
| **v.** | ) | **2255 MEMORANDUM OPINION** |
| | ) | |
| **WATKINS C. GRAVELY** | ) | **By: Norman K. Moon** |
| | ) | **United States District Judge** |

Watkins C. Gravely, a federal inmate proceeding *pro se*, filed this motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255, alleging that counsel provided ineffective assistance on several grounds. I find that Gravely's motion is barred by the one-year statute of limitations for filing a § 2255 motion and that he has not demonstrated any grounds for equitable tolling. Therefore, I will dismiss his motion as untimely filed.

### I.

In 2001, after a jury trial, I convicted Gravely of conspiring to distribute crack cocaine and aiding and abetting in the distribution or possession with intent to distribute crack cocaine, and sentenced him to life imprisonment. Gravely, through retained counsel, filed a direct appeal. The United States Court of Appeals for the Fourth Circuit ultimately dismissed Gravely's appeal for failure to prosecute on July 25, 2002. Gravely did not file a petition for writ of certiorari in the Supreme Court of the United States. Gravely submitted his § 2255 motion to the court on August 14, 2012. By conditional filing order, the court notified Gravely that his motion appeared to be untimely filed and gave him the opportunity to present any other information regarding the timeliness of his motion.

### II.

A motion under 28 U.S.C. § 2255 must be brought within one year from the latest of the following: (1) the date on which the sentence under attack became final, (2) the removal of some

governmental impediment to filing the motion, (3) the date on which the legal predicate for the motion was initially recognized by the United States Supreme Court or (4) the date on which the factual predicate for the motion could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2255). For purposes of the one-year limitations period, the defendant's conviction becomes final when the last appeal is taken, or the time to file such an appeal expires. *See Clay v. United States*, 537 U.S. 522, 528 (2003). Thus, Gravely's conviction became final on October 23, 2002, when his time to file a petition for writ of certiorari in the Supreme Court of the United States expired, and he had until October 23, 2003 to file a timely § 2255 motion. However, Gravely did not file his federal habeas motion until August 14, 2012, almost nine years after his time to file a timely § 2255 motion passed. Accordingly, Gravely's motion is time-barred unless he demonstrates grounds for equitable tolling.

A district court may apply equitable tolling only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Rouse v. Lee*, 339 F.3d. 238, 246 (4th Cir. 2003) (citing *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)). A petitioner seeking equitable tolling must demonstrate that (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstances beyond his control stood in his way and prevented timely filing. *Holland v. Florida*, 130 S. Ct. 2549 (2010); *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Harris*, 209 F.3d at 330 (citing *Miller v. New Jersey State Dep't of Corrections*, 145 F.3d 616, 617 (3d Cir. 1998)). The inmate "bears a strong burden to show specific facts" which demonstrate that he fulfills both elements of the test. *Yang v. Archuleta*,

525 F.3d 925, 928 (10th Cir. 2008) (quoting *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008).

In response to the court's conditional filing order, Gravely argues that the court should toll the statute of limitations "due to [his] health and lack of competent education." Gravely also argues that he thought his attorney was handling his direct appeal for the past ten years and did not know until recently that his appeal was dismissed in 2002.

With regard to Gravely's unspecified health condition, Gravely alleges that "[a]t the time [he] was sentenced [he] was and still [is] suffering [an] extreme [and] severe life-threatening health condition, including a recent heart stint." In consideration of the fact that Gravely has been suffering the same condition for the past twelve years but nevertheless managed to file his motion in 2012, I find that Gravely has not demonstrated how the health condition prevented him from filing his motion for the past nine years.

With regard to Gravely's "lack of competent education" and unfamiliarity with the law, I note that ignorance of the law is not a basis for equitable tolling. *United States v. Sosa*, 364 F.3d 507 (4th Cir. 2004); *Cross-Bey v. Gammon*, 322 F.3d 1012, 1015 (8th Cir. 2003) ("Even in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted." (quotation marks omitted)); *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002) ("[A] petitioner's own ignorance or mistake does not warrant equitable tolling …."); *Delaney v. Matesanz*, 264 F.3d 7, 15 (1st Cir. 2001) (rejecting the argument that a pro se prisoner's ignorance of the law warranted equitable tolling); *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (same).

Accordingly, I find that Gravely's untimely filing of his motion was caused, at most, by his lack of due diligence, which does not warrant application of the equitable tolling doctrine. *See Miller*, 145 F.3d at 618 (holding that, for equitable tolling to apply, petitioner must show that he exercised reasonable diligence in bringing or investigating the claims). Therefore, I find that Gravely's § 2255 motion is untimely filed.

## III.

For the reasons stated, I will dismiss Gravely's § 2255 motion as untimely filed.

The Clerk of the Court is directed to send certified copies of this Memorandum Opinion and accompanying Order to petitioner.

**ENTER:** This 27th day of September, 2012.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

4